UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Anthony Clark, ) | Civil Action No.: 0:14-cv-04794-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Larry Cartledge, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Anthony Clark, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF Nos. 1 & 12. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett.[1] *See* R & R, ECF No. 15. The Magistrate Judge recommends the Court dismiss the petition without prejudice and without requiring Respondent to file a return. R & R at 1, 4.

**Background**

Petitioner is serving a life sentence for murder that was imposed by the Richland County General Sessions Court in January 2006. ECF No. 12 at 1. The current petition is the second § 2254 petition that Petitioner has filed in this Court seeking to challenge the constitutionality of the murder conviction. The undersigned considered Petitioner's first § 2254 petition on the merits and issued an order granting summary judgment for the respondent and dismissing the petition. *See Clark v. Thompson*, No. 0:12-CV-02669-RBH, 2014 WL 1234347 (D.S.C. Mar. 25, 2014), *appeal dismissed*, 579 F. App'x 213 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1851 (2015).

Petitioner filed his second petition on December 19, 2014. ECF No. 1. In this petition, he raises

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

claims of actual innocence, trial court error, and ineffective assistance of trial counsel. ECF No. 12 at 5-11. Nowhere in his petition does Petitioner indicate he obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit before filing his second § 2254 petition. After examining the petition, the Magistrate Judge issued an R & R recommending the Court dismiss the petition as successive because Petitioner never sought permission from the Fourth Circuit. R & R at 3-4. Petitioner filed timely objections to the R & R.[2] *See* Pet.'s Objs., ECF No. 21.

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court

---

[2] After the Magistrate Judge filed the R & R, Petitioner filed a motion requesting an extension of time to file what he called an "opposition to summary judgement." ECF No. 18. The Court, noting there was no pending motion for summary judgment, construed Petitioner's motion as a request for an extension of time to file objections to the R & R and granted the motion. ECF No. 19. Thereafter, Petitioner filed a document entitled "Opposition to Summary Judgement Motion," *see* ECF No. 21; the Court construes this document as an objection to the R & R and notes there still is no pending motion for summary judgment in this case.

need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**

The Magistrate Judge recommends the Court dismiss the petition without prejudice and without requiring Respondent to file a return, concluding that the petition is successive and that Petitioner failed to obtain pre-filing authorization from the Fourth Circuit. R & R at 1, 4. Although Petitioner filed objections, he does not dispute the Magistrate Judge's recommendation or any of her findings. *See* Pet.'s Objs. Instead, he addresses the merits of his actual innocence claim. *Id.* at 2-15. The Court reiterates it may only consider objections directing the Court to a specific error in the R & R. *See Camby*, 718 F.2d at 199-200 (explaining that if a party's objections lack the requisite specificity envisioned by 28 U.S.C. § 636(b)(1)(C), the district court need not conduct a de novo review of those portions of the R & R to which no specific objections have been made); Fed. R. Civ. P. 72(b) (permitting a party to "serve and file *specific* written objections to the proposed findings and recommendations" of the magistrate judge (emphasis added)).

Regardless of Petitioner's failure to challenge the Magistrate Judge's recommendation, the Court finds the Magistrate Judge's conclusion is correct. This same Court decided Petitioner's initial § 2254 petition on the merits. *See Clark*, 2014 WL 1234347 (adjudicating the merits of Petitioner's nine alleged grounds for habeas relief by granting the respondent's motion for summary judgment and dismissing the petition with prejudice). Consequently, the petition currently before the Court is successive. *See Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (defining a successive petition as one filed after an initial petition was decided on its merits). Moreover, there is no evidence showing Petitioner obtained leave from the Fourth Circuit to file a successive petition in this Court. *See* 28

U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").[3] The Court lacks authorization to consider the merits of Petitioner's successive petition, and therefore finds no error in the Magistrate Judge's recommendation.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack*, 529 U.S. at 484; *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law. For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by

---

[3] The Court notes that even though Petitioner raises an actual innocence claim in his current petition, § 2244(b) still requires him to obtain pre-filing authorization from the Fourth Circuit. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).").

reference the R & R [ECF No. 15].

**IT IS THEREFORE ORDERED** that Petitioner's § 2254 petition is **DISMISSED** *without prejudice* and without requiring Respondent to file a return. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


Florence, South Carolina                                            s/ R. Bryan Harwell
October 7, 2015                                                     R. Bryan Harwell
                                                                    United States District Judge